IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT DAVID RANGER,                )
                                    )
                *Plaintiff*,        )      No.    3:25-cv-0133
                                    )
        v.                          )      District Judge Stephanie L. Haines
                                    )
JC ORR & SONS, INC.,                )
                                    )
                *Defendant*.        )

## MEMORANDUM OPINION

### A. **Procedural History**

Plaintiff Robert David Ranger ("Plaintiff") initiated this *pro se* prisoner civil rights action

on May 5, 2025 (ECF No. 1) with a Motion for Leave to Proceed in forma pauperis ("IFP"). The

Court issued a Deficiency Order (ECF No. 3) which stated that Plaintiff failed to provide a properly

completed Consent to Jurisdiction form; failed to pay the required filing fee or complete the

Court's form motion to proceed IFP; failed to provide service copies of the Complaint; failed to

provide forms USM-285, AO 398, and AO 399. *See id.* at 1-2. Plaintiff was directed to respond

to the Court's Order by July 9, 2025, or risk dismissal for failure to prosecute. *See id.* at 2. That

Order was sent to Plaintiff's address of record. (Staff note dated 06/09/2025.) As of today, the

Court has received nothing from Plaintiff.

### B. **Standard**

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of

an action or a claim, and, under this Rule, "a district court has authority to dismiss an action *sua*

*sponte* if a litigant fails to prosecute or to comply with a court order." *Qadr v. Overmyer*, No. 15-

3090, 642 F. App'x 100, 102 (3d Cir. 2016) (*per curiam*) (citing Fed. R. Civ. P. 41(b)); *see also*

*Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b).")

The Third Circuit Court of Appeals has stated that "a district court dismissing a case *sua sponte* 'should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision.'" *Qadr v. Overmyer*, No. 15-3090, 642 F. App'x 100 at 103 (quoting *Briscoe*, 538 F.3d at 258). Before engaging in a *sua sponte* dismissal, "the district court 'should provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders.'" *Id.* (quoting *Briscoe*, 538 F.3d at 258).

In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted). In balancing the *Poulis* factors, no single factor is dispositive, nor do all factors need to be satisfied to result in dismissal of the complaint. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008). However, in determining whether a dismissal is warranted, the Court must analyze the factors in light of the "strong policy favoring decisions on the merits." *Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019). The Third Circuit has emphasized that "dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court," and that they "must be a sanction of last, not first, resort." *Poulis*, 747 F.2d at 867-68, 869 (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643

(1976)).  "Cases should be decided on the merits barring substantial circumstances in support of the contrary outcome." *Hildebrand*, 923 F.3d at 132.

### C.  Application of the *Poulis* Factors

#### 1.  The extent of the party's personal responsibility.

"[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal." *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994).  In determining personal responsibility for the delay, the Court must distinguish "between a party's responsibility for delay and counsel's responsibility." *Hildebrand*, 923 F.3d at 133 (citing *Poulis*, 747 F.2d at 868).  A plaintiff is not conjecturally responsible for her counsel's delay.  *See id.*  Any doubt as to personal responsibility should be resolved "'in favor of reaching a decision on the merits.'"  *Id.* at 138 (quoting *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002)).

Plaintiff is proceeding *pro se*, so it is his responsibility to comply with orders and keep current his address of record.  Thus, this factor weighs in favor of dismissal.

#### 2.  Prejudice to the adversary.

Prejudice to the adversary is a substantial factor in the *Poulis* analysis; but like any other factor, it is not dispositive.  *See Hildebrand*, 923 F.3d. at 134.  "Relevant examples of prejudice include 'the irretrievable loss of evidence[] [and] the inevitable dimming of witnesses' memories.'"  *Id.* (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)).  A party is not required "to show 'irremediable' harm for [this factor] to weigh in favor of dismissal."  *Id.* (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)).  If the opposition is unable to prepare "a full and complete trial strategy" then there is sufficient prejudice to favor dismissal. *Id.* (citation omitted).

The ability to gather facts and documents to defend a case will diminish with the passage of time. Therefore, Defendants could suffer prejudice if the case were not to proceed in a timely manner. Thus, this factor weighs marginally in favor of dismissal.

### 3. A history of dilatoriness.

A history of dilatoriness is generally established by repeated "delay or delinquency." *Adams*, 29 F.3d at 874. While once or twice is normally insufficient, this factor weighs in favor of dismissal where the plaintiff has a history of repeated delay. *See Hildebrand*, 923 F.3d at 135 (citation omitted). In addition to repeated acts, "extensive" delay can also create a history of dilatoriness. *Adams*, 29 F.3d at 874. A "failure to prosecute" does not require that plaintiff take affirmative "steps to delay the trial … It is quite sufficient if [he/she] does nothing …. " *Id.* at 875 (citation omitted).

"While extensive delay may weigh in favor of dismissal, 'a party's problematic acts must be evaluated in light of its behavior over the life of the case.'" *Hildebrand*, 923 F.3d at 135 (quoting *Adams*, 29 F.3d at 875). Thus, where a plaintiff has not been previously delinquent the weight given to even a long delay should be mitigated. *See id.*

Plaintiff's case never got off the ground. After his initial filing, Plaintiff never answered the Court's order and never communicated with the Court. This is sufficient evidence, in the Court's view, to indicate that Plaintiff no longer desires to proceed with this action. Thus, this factor weighs in favor of dismissal.

### 4. Whether the party's conduct was willful or in bad faith.

In determining whether plaintiff's conduct constituted willful or bad faith, the "court should look for 'the type of willful or contumacious behavior' that can be characterized as 'flagrant bad faith,' such as [a case history of] failing to answer interrogatories for nearly a year and a half,

demanding numerous extensions, ignoring admonitions by the court, and making false promises to correct delays." *Id.* (citing *Scarborough*, 747 F.2d at 875 (citation omitted)). "Willfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. Although "[a] lengthy delay reflects 'inexcusable negligent behavior,' *id.* at 876, . . . that behavior alone does not rise to the level of willfulness or bad faith." *Hildebrand*, 923 F.3d at 135.

Finally, "[b]ecause the harsh sanction of dismissal should serve to deter bad faith or self-serving behavior, and because of our policy of favoring decisions on the merits, [in the absence of evidence] that the delay was not effectuated willfully or in bad faith, [this factor] should weigh against dismissal." *Id.* at 136.

There is no indication on this record that Plaintiff acted in any willful bad behavior. Likewise, there is no indication that Plaintiff's failure to provide the basic required documents was the result of any excusable neglect. This factor weighs mildly in favor of dismissal.

**5. Effectiveness of sanctions other than dismissal.**

A district court must thoroughly consider "alternative sanctions before dismissing a case with prejudice." *Id.* (citing *Briscoe*, 538 F.3d at 262). The court should also provide an analysis of effectiveness sufficient "to honor [the] longstanding tradition of favoring decisions on the merits." *Id.* In so doing, the court should be mindful that "[a]lternatives are particularly appropriate when the plaintiff has not personally contributed to the delinquency." *Poulis*, 747 F.2d at 866 (citations omitted). "[A]lternative sanctions need only be effective toward mitigating the prejudice caused by dilatory behavior or delinquency." *Hildebrand*, 923 F.3d at 136. They are not required to be "completely ameliorative." *Id.*

Plaintiff is proceeding *in forma pauperis* in this case so it is unlikely that any sanction imposing costs or fees upon him would be effective. Therefore, the Court can see no alternative sanction that would be appropriate other than dismissal.

**6.  Meritoriousness of claim or defense.**

"The standard for determining whether a plaintiff's claims are meritorious 'is moderate.'" *Adams*, 29 F.3d at 876. The standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim, and not a summary judgment standard, applies in a *Poulis* analysis. *See id.* at 869-70.

The United States Court of Appeals for the Third Circuit summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." (*Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (citation omitted)]; *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117-18, (3d Cir. 2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

When considering *pro se* pleadings, a court must employ less stringent standards than when judging the work product of an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *See Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v.*

*Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

In his Complaint, Plaintiff states he was employed by Defendant until April 1, 2025, when he was laid off without formal explanation. He states he requested insurance benefit records but his former employer never produced them. Plaintiff asserts that his national origin, citizenship status, tax classification may have improperly influenced his employer's decision. Plaintiff has not presented facts or law to support his claims. Thus, Plaintiff has presented no plausible claims. Therefore, this factor, too, weighs in favor of dismissal.

Given that the majority of the *Poulis* factors weigh in favor of dismissal, the Court will dismiss this action for Plaintiff's failure to prosecute. An appropriate Order follows.

## ORDER

AND NOW, this 22nd day of August, 2025, IT IS HEREBY ORDERED that this case is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Stephanie L. Haines
United States District Judge

cc:    Robert David Ranger
       224 3rd Avenue, Apt. 4
       Altoona, PA  16602